IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **BITCO GENERAL INSURANCE CORPORATION** § § § | | |
| **Plaintiff** § § | | |
| vs. § | CIVIL ACTION NO. 4:19-cv-00014 | |
| § | | |
| **ACE AMERICAN INSURANCE COMPANY** § § § § | | |
| **Defendant** § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

BITCO General Insurance Corporation, formerly known as Bituminous Casualty Corporation ("BITCO"), files its Plaintiff's Original Complaint against ACE American Insurance Company ("ACE") and in support would show:

### I. THE PARTIES

1. Plaintiff BITCO General Insurance Corporation, formerly known as Bituminous Casualty Corporation, is an Illinois corporation with its principal place of business in Iowa. Therefore, for jurisdictional purposes, BITCO is a citizen of the States of Illinois and Iowa.

2. Defendant ACE American Insurance Company is a Pennsylvania corporation whose principal place of business is in the State of Pennsylvania. Therefore, for jurisdictional purposes, ACE is a citizen of the State of Pennsylvania.

### II. JURISDICTION

3. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 USC § 1332(a). Plaintiff and Defendant are of diverse citizenship. Plaintiff is a citizen of the States of Iowa and

Illinois. Defendant is a citizen of the State of Pennsylvania. The amount in controversy in this insurance dispute exceeds the sum of $75,000, exclusive of interest and costs.

### III.  VENUE

4. This Court has venue pursuant to 28 USC § 1391. The underlying lawsuit at issue, over which the duty to defend and indemnify is in dispute, was filed in Ward County, Texas. Ward County is located within the Western District of Texas, Pecos Division. Therefore, venue is proper in this District pursuant to 28 USC § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District and in this Division.

### IV.  FACTUAL BACKGROUND

**A.  Mutual Insured**

5. Troy Vines, Inc. ("Troy Vines") is a Texas corporation whose stock in its entirety was acquired by Summit Materials, Inc. on March 31, 2014. Summit Materials, Inc. is a Colorado corporation.

6. BITCO issued general liability policies insuring Troy Vines in 2011, 2012 and 2013. These include the following general liability policies, which have a per occurrence limit of $1,000,000:

> CLP 3562305 – December 4, 2011 to December 4, 2012
> CLP 3579796 – December 4, 2012 to December 4, 2013
> CLP 3595872 – December 4, 2013 to March 31, 2014 (canceled early at policyholder's request due to "business sold")

7. ACE issued the following general liability policies to Summit Materials Holdings, LP and/or Summit Materials, Inc., with a per occurrence limit of $2,000,000:

> HDO G27332067 – March 31, 2014 to March 31, 2015
> HDO G27392428 – March 31, 2015 to March 31, 2016
> HDO G27405319 – March 31, 2016 to December 31, 2016
> HDO G27861039 – December 31, 2016 to December 31, 2017

Through a Broad Form Named Insured endorsement, Troy Vines was an insured under each ACE policy because Troy Vines was more than 50% owned by ACE's named insured, Summit Materials, Inc.

**B.      The Lawsuit**

8.      On November 6, 2017, DN Tanks, Inc. ("DN Tanks") filed suit against Troy Vines in the 143rd Judicial District Court of Ward County, Texas.  In that lawsuit, DN Tanks alleged that:

(1)     DN Tanks constructed two pre-stressed concrete water tanks for the Colorado River Municipal Water District in the summer and fall of 2012;
(2)     Troy Vines supplied concrete and shotcrete for construction of the water tanks;
(3)     In August, 2016, the Water District found cracks were forming in the wall of the tanks and that the cracks had begun to leak water;
(4)     The damage was due to excessive chloride ion content in the concrete and shotcrete supplied by Troy Vines for the walls of the tanks;
(5)     The excessive chloride in the concrete and shotcrete corroded the pre-stressed supporting wire, thus weakening the walls of the tanks;
(6)     Troy Vines "refused to accept any responsibility for the documented deterioration" of the tanks; and
(7)     DN Tanks entered into an agreement with the Water District to replace the damaged tanks.

DN Tanks sued Troy Vines for breach of contract, breach of warranty, negligence, and negligent misrepresentation.  The lawsuit sought damages in excess of $2,200,000.

9.      Troy Vines tendered its defense to BITCO for the DN Tanks lawsuit.  BITCO accepted the tender and defended Troy Vines under a reservation of rights.  The reservation of rights preserved BITCO's right to pursue any other insurers who owed coverage to Troy Vines, including ACE.

10.     BITCO demanded that ACE join in Troy Vines' defense of the DN Tanks lawsuit and further that ACE agree to contribute its appropriate share to payment of any settlement or judgment for Troy Vines for the claims in the lawsuit.  BITCO supplied the petition in the DN Tanks lawsuit to ACE, which petition triggered the ACE coverage by specifically alleging that cracks and leaks occurred during one or more ACE policy periods.  ACE responded that its

policies were excess to the BITCO policies, but also contended that the respective policies' "other insurance" clauses were inapplicable to consecutive insurers. ACE further contended had no responsibility to defend or indemnify Troy Vines because Troy Vines had selected BITCO to defend the lawsuit. Thus, ACE declined BITCO's tender and refused to join in Troy Vines' defense.

11. In December 2018, the DN Tanks lawsuit was mediated. BITCO invited ACE to attend the mediation, which it did. At that mediation, the DN Tanks lawsuit was settled on behalf of Troy Vines by BITCO, for an amount in excess of $600,000. BITCO requested that ACE contribute its appropriate share to help fund the settlement. ACE declined BITCO's request.

## V. **CAUSES OF ACTION**

12. As the insurer who defended Troy Vines in the DN Tanks lawsuit, and who settled the lawsuit on behalf of Troy Vines, BITCO has both contribution and subrogation rights against all other liability insurers who should have contributed to the defense and/or the settlement of the lawsuit. As a result, BITCO has standing to pursue this claim against ACE.

13. ACE breached its insurance policies that insured Troy Vines by refusing to join in Troy Vines' defense, and/or by refusing to contribute to the settlement of the DN Tanks lawsuit.

14. BITCO therefore sues ACE through subrogation for breach of ACE's insurance policies and seeks damages against ACE for:

   1. One-half of the cost of defending Troy Vines in the DN Tanks lawsuit from the first date of tender to ACE. ACE's one-half of those defense costs total the sum of at least $28,824.00;
   2. For ACE's proper share of the settlement of the lawsuit by DN Tanks against Troy Vines, Inc.

15. BITCO further sues ACE for contractual and equitable contribution for the following amounts:

1. One-half of the cost of defending Troy Vines in the DN Tanks lawsuit from the first date of tender to ACE.  ACE's one-half of those defense costs total the sum of at least $28,824.00;
2. For ACE's proper share of the settlement of the lawsuit by DN Tanks against Troy Vines, Inc.

## VI.  ATTORNEYS FEES

16. On multiple occasions, BITCO demanded in writing that ACE contribute to Troy Vines' defense and/or pay its proper share of indemnity for the DN Tanks lawsuit.  ACE has repeatedly declined to do so.  In addition to actual damages, BITCO is entitled to recover its reasonable and necessary attorneys fee's for trial and appeal from ACE pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, BITCO prays that upon judgment herein, it recover its actual damages as prayed for above, attorneys fees, all lawful interest, costs of court, and such other relief to which BITCO may show itself justly entitled.

Respectfully submitted,

**PAYNE & BLANCHARD, L.L.P.**

*/s/ Kevin J. Cook*

**Kevin J. Cook**
State Bar No. 04738950
717 N. Harwood Street, Suite 3350
Dallas, Texas 75201
Telephone:      214-231-3245
Facsimile:       469-200-1233
kcook@pandblaw.com

*Attorney for BITCO General Insurance Corporation, formerly known as Bituminous Casualty Corporation*

5